MAX FIELDS, PROSECUTOR, v. VINCENT C. DUFFY. RECORDER OF THE CITY OF PATERSON, RESPONDENT.

Decided March 17, 1936.

Before Justices PARKER, CASE and BODINE.

For the motion, *Charles F. Lynch.*

*Contra, Peter Cohn.*

The opinion of the court was delivered by

PARKER, J. In this case a conviction before the recorder of Paterson was set aside "with costs." *Fields* v. *Duffy,* 115

*N. J. L.* 319; 180 *Atl. Rep.* 225. Motion is made to modify the rule for judgment by striking out the provision awarding costs to the prosecutor.

It is elementary that costs are in general a creature of statute. Certain apparent exceptions will be considered in a moment. Applying the rule, we find that under the *Certiorari* act, costs may be awarded to either party. *Pamph. L.* 1903, *p.* 343, § 10; *Comp. Stat., p.* 405; *Pamph. L.* 1911, *p.* 756. For the motion it is argued that the case is controlled otherwise by the act of 1927, chapter 320 (*Pamph. L., p.* 733), "respecting the Recorder's Court in certain cities of the second class in this state." Paragraph (h) of section 16 of that act reads: "No costs in any case shall be assessed against the recorder." It seems to cover the present situation, and if binding on this court, must be followed. We think that it is binding. Certain other paragraphs, undertaking to control our jurisdiction and procedure in *certiorari* may be of at least doubtful validity, but they are not before us, and no opinion is expressed in regard to them; but we cannot say that paragraph (h) is in that class.

It is argued for the successful prosecutor that apart from our *Certiorari* act, this court has the common law power to award costs in *certiorari* cases; and several early decisions are cited. To us they do not seem to support this claim. In *Randolph* v. *Bayles*, 2 *N. J. L.* 52, costs of a *capias satisfaciendum* in aid of writ of restitution were refused, the court saying "the act gives no costs upon reversals of judgment in cases of *certiorari.*" In *Hann* v. *McCormick*, 4 *Id.* *109, Chief Justice Kirkpatrick questioned the accuracy of the report of Randolph *v.* Bayles, but reiterates the phrase quoted. The act referred to was section 46, of the act for the trial of small causes, 1798. *Pat.* 313; *Bloomfield* 40 (at *p.* 68). The pertinency of these two cases is that this court expressly recognized the controlling force of a statute. In *Montgomery* v. *Bruere*, 11 *Id.* 168, a prosecutor in *certiorari* was subjected to costs on quashing the writ, the court remarking that there were many precedents. But this was the case of an unsuccessful prosecutor, not of a successful one. So in *Allen* v. *Shurts*, 17 *Id.* 188, costs were allowed to a successful

defendant in *certiorari.* Chief Justice Hornblower sketched the history of the practice, and remarked that in *Jewell* v. *Arwine,* 1 *Id.* 38, "the court decided that on reversal of judgment in *certiorari* no costs can be awarded—*secus* [otherwise] on affirmance." On page 190 at the end of the opinion, the court remarked that "courts of common law have long exercised an equitable power in matter of costs." But on the point now raised, this was clearly *obiter,* and the reported precedents are the other way. Later, however, the same Chief Justice, in *Stiers* v. *Executors of Stiers,* 20 *Id.* 52, refused costs to a successful prosecutor in *certiorari,* even as against the opposing party; and invoked the rule that "costs, *eo nomine,* were certainly given by statute \* \* \*."

We think that what the legislature gave by section 10 of the *Certiorari* act, it can take away, in whole or in part; and the latter it has done.

Moreover, reasons of public policy would militate against costs being imposed in this class of cases upon a recorder or other judicial officer. He was acting as an inferior court, not as a party to the complaint and the judgment. To subject him, because of judicial error, to an amercement would be in our view something quite unprecedented.

The judgment will be amended by striking out the clause as to costs. No costs will be awarded on this motion.